[See Taylor v. Carryl, 20 How. (61 U. S.) 583; Id., 24 Pa. St. 261.]

TAYLOR (SARAH v.). See Case No. 12,339.

## Case No. 13,804.

### TAYLOR v. SCHOLFIELD.

[2 Cranch, C. C. 315.][1]

Circuit Court, District of Columbia. May Term, 1822.

NOTES — ENDORSEMENT AFTER DISHONOR — PAROL AGREEMENT.

If a promissory note be indorsed in blank after it has been dishonored, with a parol agreement between the indorser and the indorsee that the indorser should not be liable except in the case of the maker's insolvency, it is competent for the defendant to prove such agreement by parol evidence.

Assumpsit [by Elijah Taylor] against [Andrew Scholfield] the indorser of Peter Sanders' note, indorsed by the defendant in blank after it had been protested.

Mr. Taylor, for the defendant, offered parol evidence to show that at the time of indorsement it was agreed that the defendant should not be liable unless the maker

[1] [Reported by Hon. William Cranch, Chief Judge.]

should prove to be insolvent. Between immediate parties the defendant may give evidence to contradict the words, "for value received;" à fortiori to explain an equivocal indorsement.

Mr. Hewitt, contra. The plaintiff may now fill up the blank indorsement by an absolute assignment, and the court will consider it as done; then this parol evidence is to contradict the written contract.

THE COURT (THRUSTON, Circuit Judge, absent) admitted the parol evidence. For if the plaintiff had filled the indorsement made after the dishonor of the note, by an absolute assignment, the defendant would have been permitted to show that such an absolute assignment was contrary to the agreement of the parties; and that it was agreed to be an assignment without recourse.